**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Barry Harris,<br><br>    Plaintiff<br><br>v.<br><br>Christopher Pena, et al.,<br><br>    Defendants | Case No.: 2:23-cv-00563-JAD-NJK<br><br>**Order Screening Complaint** |

Plaintiff Barry Harris brings this civil-rights action under 42 U.S.C. § 1983, claiming that his rights were violated when a correctional officer harassed him and his grievances about the issue were denied. Because Harris applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. Having done so, I find that Harris has not pled any colorable claims, so I dismiss his complaint and give him until August 16, 2023, to file an amended complaint if he can cure the deficiencies I identify in this order.

**Background**

**A.     Plaintiff's factual allegations**[2]

Harris alleges that, on October 21, 2022, correctional officer Christopher Pena threatened and harassed him.[3] Pena, who is a key witness in an ongoing criminal case against Harris, told

---

[1] ECF No. 1.

[2] These facts are merely a summary of the plaintiff's allegations and are not intended as findings of fact.

[3] ECF No. 1-1 at 3.

Harris that the Attorney General had promoted him to make sure that he got Harris convicted and that "they" want Harris to go down.

Harris filed a first-level grievance about Pena, but Julie Williams denied the grievance because Harris had asked for more than $500 as compensation.[4] And she did so hoping that Pena would not continue pursuing his claim. Harris then filed a second-level grievance, but Williams against denied it as improper. Harris's third grievance was also rejected, so he initiated this case.

Harris believes that Williams was "refusing him access to the court out of retaliation for the grievance" that he wrote. Harris also alleges that James Dzurenda, the director of prisons, has authorized Williams to respond to grievances however she likes, essentially making up the rules as she goes.[5]

**B.      Plaintiff's causes of action**

Based on these events, Harris sues Pena, Williams, and Dzurenda and claims that these defendants violated his rights under the First, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, and Twenty-Seventh Amendments.[6] Harris checks boxes for claims based on access to the court and retaliation. I liberally construe his complaint to bring a claim of verbal harassment under the Eighth Amendment, a First Amendment retaliation claim, and a claim of denial of access to the courts. Harris seeks damages as well as declaratory and injunctive relief.[7]

---

[4] *Id.* at 4.
[5] *Id.* at 5.
[6] *Id.* at 3–5.
[7] *Id.* at 6.

**Discussion**

A.  **Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[8] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[9] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[10]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[11] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[12] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[13] but a plaintiff must provide more

---

[8] *See* 28 U.S.C. § 1915A(a).

[9] *See* 28 U.S.C. § 1915A(b)(1)(2).

[10] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[11] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[12] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[13] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

than mere labels and conclusions.[14]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[15]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[16]

**B.  Analysis of claims**

   *1.  Harris fails to state a colorable Eighth Amendment claim.*

I liberally construe the complaint to assert a claim under the Eighth Amendment for Pena's threats and harassment and find that Harris fails to state a colorable Eighth Amendment harassment claim.  Harris alleges that Pena harassed him by telling him that the Attorney General had promoted him to ensure that Harris was convicted in an ongoing criminal case.  But Harris does not allege that Pena's threats or harassment ever went beyond verbal abuse.  "[V]erbal harassment or abuse . . . [alone] is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."[17]  "A mere threat may not state a cause of action" under the Eighth Amendment, even if it's a threat against exercising the right of access to the courts.[18]  So I dismiss Harris's Eighth Amendment claim without prejudice and with leave to amend.  If Harris wishes to bring an Eighth Amendment claim in an amended complaint, he must allege true facts showing that Pena's harassment and abuse went beyond mere verbal threats.

---

[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[16] *Id.*

[17] *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted); *see also Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (explaining that "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment.").

[18] *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam); *see also Corales v. Bennett*, 567 F.3d 554, 564–65 (9th Cir. 2009).

### 2. Harris fails to state a colorable First Amendment retaliation claim.

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts.[19] "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield."[20]

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) . . . that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."[21] Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.[22] A plaintiff who fails to allege a chilling effect may still state a claim if he alleges that he suffered some other harm that is more than minimal.[23] More than minimum harms include the filing of a false disciplinary charge against a prisoner, placing him in administrative segregation, or interfering with his parole hearing.[24]

---

[19] *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).
[20] *Id*.
[21] *Id*. at 567-68.
[22] *Id*. at 568-69.
[23] *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).
[24] *Id*. at 1115.

I find that Harris fails to state a colorable retaliation claim. He alleges that Williams denied his grievances in retaliation for his filing those same grievances. But those denials left Harris no worse off than he was before he filed the grievance. So those denials cannot be said to deter a person of ordinary firmness from future First Amendment activity, and the allegations about Williams are insufficient to state a colorable claim.

It is not clear whether Harris also intended to bring a First Amendment retaliation claim against Pena. To the extent that Harris intended to bring a First Amendment retaliation claim against Pena, he does not state a colorable claim because he does not allege that Pena's verbal harassment was in retaliation for any protected conduct on Harris's part.

So I dismiss Harris's First Amendment retaliation claim without prejudice and with leave to amend. If Harris wishes to bring this claim in any amended complaint, he must allege specific facts supporting that one or more defendants took adverse action against him in retaliation for his exercise of his First Amendment rights. Harris must also allege that the adverse action was sufficiently serious that it chilled his exercise of his First Amendment rights or that it would chill a person of ordinary firmness from future First Amendment activity.

### 3.     *Harris does not state a colorable claim for denial of access to the courts.*

Prisoners have a constitutional right of access to the courts.[25] To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered "actual injury."[26] The actual-injury requirement mandates that an inmate "demonstrate that a

---

[25] *Lewis v. Casey*, 518 U.S. 343, 346 (1996).
[26] *Id*. at 349.

nonfrivolous legal claim had been frustrated or was being impeded."[27]  "The right of meaningful access to the courts extends to established prison grievance procedures."[28]

I find that Harris fails to state a colorable claim for denial of access to the courts.  He argues that Williams denied him access to the courts by improperly denying his grievances about Pena's harassment.  Harris also alleges that Dzurenda authorized Williams's actions.  But Harris does not allege that he suffered an injury such as the inability to bring a non-frivolous claim.  To the contrary, it appears that Harris has brought his claim regarding Pena's actions in this case.  Furthermore, Harris has not established that he has a non-frivolous claim.

I thus dismiss Harris's claim for denial of access to the courts without prejudice and with leave to amend.  If Harris wishes to bring this claim in any amended complaint, he must allege facts showing that he had a non-frivolous claim that was frustrated as a result of the defendants' actions.

### 4. *The factual allegations in the complaint do not appear to give rise to any other colorable claims.*

Harris states that the defendants violated his rights under the First, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, and Twenty-Seventh Amendments.  But he does not explain what specific claims he is bringing, and the factual allegations do not appear to support any colorable claims.  To the extent that Harris intended to bring a claim that I did not address in this order, he is free to bring that claim in an amended complaint.  In any amended complaint, Harris should clearly explain what claims he is bringing and how the facts give rise to such a right.

---

[27] *Id.* at 353.

[28] *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001).

**C.    Leave to amend**

Harris is granted leave to file an amended complaint to state a colorable claim. If Harris chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[29] He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Harris must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights. **He must file the amended complaint by August 16, 2023.**

### Conclusion

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that plaintiff's Eighth Amendment harassment claim, First Amendment retaliation claim, and denial-of-access-to-the-courts claim are dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If plaintiff chooses to file an amended complaint, he must use the approved form and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The amended complaint will be screened in a separate

---

[29] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

screening order, and **the screening process will take <u>many months</u>.  If plaintiff does not file an amended complaint, by August 16, 2023, this action will be dismissed without prejudice for failure to state a claim.**

Dated: July 16, 2023

_____
U.S. District Judge Jennifer A. Dorsey