UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Barry Harris,<br><br>       Plaintiff<br><br>v.<br><br>Christopher Pena, et al.,<br><br>       Defendants | Case No.: 2:23-cv-00563-JAD-NJK<br><br>**Order Screening<br>First Amended Complaint and Dismissing<br>Case with Prejudice**<br><br>[ECF No. 5] |

Plaintiff Barry Harris brings this civil-rights action under 42 U.S.C. § 1983, claiming that his rights were violated when a correctional officer harassed him and his grievances about the issue were denied.  Because Harris applies to proceed *in forma pauperis*,[1] I screen his first amended complaint ("FAC") under 28 U.S.C. § 1915A.  I find that Harris has not pled any colorable claims, and because Harris has already had the opportunity to attempt to cure the deficiencies in his claims by amendment and was unable to do so, I dismiss this entire case with prejudice because amendment would be futile.[2]

**I.    Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[3]  In its review, the court must identify any cognizable claims and dismiss any claims that are

---

[1] ECF No. 1.

[2] *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (holding leave to amend not required when plaintiff was previously allowed to amend but failed to correct identified deficiencies).

[3] *See* 28 U.S.C. § 1915A(a).

frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[4] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[5]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[6] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[7] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[8] but a plaintiff must provide more than mere labels and conclusions.[9] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[10] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

---

[4] *See* 28 U.S.C. § 1915A(b)(1)(2).

[5] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[6] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[7] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[8] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[11] *Id.*

## II. Screening Harris's FAC

### A. Factual allegations[12]

Harris alleges that on October 21, 2022, Pena, a correctional officer, threatened and harassed him.[13] While Harris was reviewing evidence in the High Desert State Prison ("HDSP") operation room, Pena, who is a key witness in an ongoing criminal case against Harris, told Harris that the Attorney General and the warden of HDSP promoted him to ensure that Harris gets convicted.[14] After this conversation, Harris requested that Pena leave him alone to review the evidence. Pena ignored this request, telling Harris that he is "going down" even if Pena has to lie to get Harris convicted. Harris told Pena's supervisors about the threats, but they have refused to do anything.[15]

Harris filed a first-level grievance about Pena, but Julie Williams denied the grievance because Harris had asked for more than $500 as compensation.[16] She did so in the hope that Harris would not continue pursuing his claim. Harris then filed a second-level grievance, but Williams again denied it as improper. Finally, Williams denied Harris's third-level grievance, so he initiated this case. Williams told Harris that if he attempted to file another grievance regarding Pena it would be destroyed.[17]

---

[12] These facts are merely a summary of Harris's allegations and are not to be construed as findings of fact.
[13] ECF No. 5 at 4.
[14] *Id.*
[15] *Id.*
[16] *Id.* at 5.
[17] *Id.*

Harris believes that Williams refused him access to the court as an act of retaliation.[18] Harris also alleges that James Dzurenda, the director of prisons, authorized Williams to respond to grievances however she liked, ignoring prison regulations.[19]

### B. Claims

Based on these events, Harris sues Pena, Williams, and Dzurenda, and he claims that these defendants violated his rights under the First, Eighth, and Fourteenth Amendments.[20] I liberally construe his FAC as bringing a claim of verbal harassment under the Eighth Amendment, a First Amendment retaliation claim, and a claim of denial of access to the courts. Harris seeks damages, declaratory relief, and injunctive relief.[21]

### C. Analysis of claims

#### 1. *Harris fails to state a colorable Eighth Amendment claim.*

I liberally construe the FAC as bringing a claim under the Eighth Amendment for Pena's alleged threats and harassment, and I find that Harris fails to state a colorable claim. In the FAC, Harris provides the same facts that he raised in the original complaint, alleging that Pena harassed him by telling him that the Attorney General and the warden had promoted him to ensure that Harris was convicted in an ongoing criminal case. These allegations are deficient, as I explained in the previous screening order,[22] because Harris does not allege that Pena's threats or harassment went beyond verbal abuse, and the Ninth Circuit has held that "verbal harassment or abuse . . . [alone] is not sufficient to state a constitutional deprivation under 42 U.S.C.

---

[18] *Id.*
[19] *Id.* at 6.
[20] *Id.* at 1–6.
[21] *Id.* at 9.
[22] *See* ECF No. 3 at 4.

§ 1983."[23]  "A mere threat may not state a cause of action" under the Eighth Amendment, even if it is a threat against exercising the right of access to the courts.[24]  Because Harris failed to cure the deficiencies identified in the previous screening order, I dismiss his Eighth Amendment claim with prejudice, as it appears now that amendment would be futile.[25]

### 2. *Harris fails to state a colorable First Amendment retaliation claim.*

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts.[26]  "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices.  And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield."[27]

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."[28]  Total chilling is not required; it is enough if an official's acts

---

[23] *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted); *see also Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (explaining that "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment.").

[24] *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam); *see also Corales v. Bennett*, 567 F.3d 554, 564–65 (9th Cir. 2009).

[25] *See Zucco Partners, LLC*, 552 F.3d at 1007 (holding leave to amend not required when plaintiff was previously allowed to amend but failed to correct identified deficiencies).

[26] *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004).

[27] *Id.*

[28] *Id.* at 567–68.

would chill or silence a person of ordinary firmness from future First Amendment activities.[29] A plaintiff who fails to allege a chilling effect may still state a claim if he alleges that he suffered some other harm that is more than minimal.[30]

As I found in the previous screening order,[31] Harris fails to state a colorable retaliation claim. Harris again alleges that Williams denied his grievances in retaliation for filing those same grievances, but "those denials left Harris no worse off than he was before the grievance."[32] Therefore, Williams's denials cannot be said to deter a person of ordinary firmness from future First Amendment activity. The allegations about Williams do not support a colorable retaliation claim. In addition, Harris does not state a colorable retaliation claim against Pena because he does not allege that Pena's harassment and abuse was in retaliation for any of Harris's protected conduct. Because Harris failed to cure the deficiencies identified in the previous screening order, I dismiss his First Amendment retaliation claim with prejudice, as amendment would be futile.[33]

### 3. *Harris fails to state a colorable claim for denial of access to the courts.*

Prisoners have a constitutional right of access to the courts.[34] To establish a violation of the right to access the courts, a prisoner must establish that he suffered "actual injury."[35] This actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim

---

[29] *Id.* at 568–69.

[30] *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

[31] ECF No. 3 at 6.

[32] *Id.*

[33] *See Zucco Partners, LLC*, 552 F.3d at 1007 (holding leave to amend not required when plaintiff was previously allowed to amend but failed to correct identified deficiencies).

[34] *Lewis v. Casey*, 518 U.S. 343, 346 (1996).

[35] *Id.* at 349.

Case 2:23-cv-00563-JAD-NJK   Document 6   Filed 10/23/23   Page 7 of 8

had been frustrated or was being impeded."[36] "The right of meaningful access to the courts extends to established prison grievance procedures."[37]

I find that Harris fails to state a colorable denial of access to the courts claim. Again Harris raises the same allegations I dismissed in the previous screening order.[38] While he argues that Williams denied him access to the courts by denying his grievances, he does not allege that he suffered an actual injury, such as the inability to bring a non-frivolous claim. In fact, it appears that Harris brought this case based in part on Williams's denial of the grievances. Because Harris failed to cure the deficiencies identified in the previous screening order, I dismiss this claim with prejudice as amendment would be futile.[39]

## Conclusion

IT IS THEREFORE ORDERED that Harris's application to proceed *in forma pauperis* **(ECF No. 1) is GRANTED**. This status doesn't relieve Harris of his obligation to pay the full $350 filing fee under the statute; it just means that he can do it in installments. And the full $350 filing fee remains due and owing even though this case is being dismissed.

In order to ensure that the plaintiff pays the full filing fee, IT IS FURTHER ORDERED that **the Nevada Department of Corrections must pay** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Barry Harris, #95363 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid

---

[36] *Id.* at 353.

[37] *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001).

[38] ECF No. 3 at 6–7.

[39] *See Zucco Partners, LLC*, 552 F.3d at 1007 (holding leave to amend not required when plaintiff was previously allowed to amend but failed to correct identified deficiencies).

for this action. **The Clerk is directed to SEND** a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

IT IS FURTHER ORDERED that **THIS CASE IS DISMISSED** with prejudice and without leave to amend because amendment would be futile. The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**. **No other documents may be filed in this now-closed case.**

Dated: October 23, 2023

_____
U.S. District Judge